[Civ. No. 23573. Second Dist., Div. Two. Aug. 31, 1959.]

WILLIAM VALDEZ, a Minor, etc., Appellant, v.
FLOYD WESLEY CLARK, Respondent.

Cheleden & Kessler and Cy H. Lemaira for Appellant.

Spray, Gould & Bowers for Respondent.

FOX, P. J.—Plaintiff, through his guardian *ad litem,* appeals from a judgment entered in favor of the defendant Clark* at the conclusion of a nonjury trial in which plaintiff sought to recover damages for personal injuries.

Briefly stated, the facts giving rise to the instant case are as follows: On November 17, 1955, at about 3:15 p. m., plaintiff, then five years of age, was returning home from kindergarten on a city bus. The bus was traveling in a northerly direction on Montebello Boulevard. Plaintiff was let off the bus at the intersection of Montebello Boulevard and Roosevelt Avenue, in the city of Montebello. Because of certain physical conditions at this intersection, plaintiff was let out some 12 or so feet north of the southeast corner thereof. The plaintiff jumped from the steps of the bus and turned in front of it in order to cross the street to where he lived. The bus driver started the vehicle forward not observing that plaintiff had stepped in front of the bus. The plaintiff apparently became frightened and ran away from the bus to the northwest at a 45 degree angle. In the meantime, defendant Clark was driving his automobile in a northerly direction on Montebello Boulevard. Clark passed to the left of the bus (which had started up) and struck the plaintiff.

There was testimony that Clark was driving to the left of the center line, in violation of section 530, subdivision (b)2, Vehicle Code, and that he was traveling between 20 and 25 miles an hour.

Judgment was entered for the defendant and plaintiff

---

*Although other defendants were named, only defendant Clark is involved in this appeal.

appeals, contending that the court's finding that defendant was not negligent is not sustained by the evidence and, argues plaintiff, the evidence shows defendant was negligent as a matter of law.

At the outset, it should be noted that the trial court found ". . . each and all of the allegations contained in Paragraph IX of plaintiff's said first amended complaint . . ." to be untrue. Paragraph IX alleged : "That as a direct and proximate result of the negligence and recklessness of the said defendants, the plaintiff received extensive skull fractures, severe face lacerations, lacerations of the body and legs, and shock, all to his damage in the sum of One Hundred Thousand Dollars ($100,000.00)."

Assuming, *arguendo*, that the trial court's finding that defendant was not negligent is erroneous, we may not, however, reverse the judgment if the court's finding that defendant's conduct was not the direct and proximate cause of plaintiff's injuries is supported by substantial evidence, for it is well settled that if there is at least one clear, sustained and sufficient finding on which the judgment may rest, the appellate court will presume that the trial court rested its judgment on that finding, and will disregard others. (*Spaulding* v. *Jones*, 117 Cal.App.2d 541, 554 [256 P.2d 637].)

The burden, of course, was on the plaintiff to establish that defendant's conduct was the cause of his injuries. (*Hill* v. *Matthews Paint Co.*, 149 Cal.App.2d 714, 723 [308 P.2d 865] ; *Spencer* v. *Beatty Safway Scaffold Co.*, 141 Cal.App.2d 875, 880 [297 P.2d 746].) This determination is ordinarily a question for the trier of fact. (*Hill* v. *Matthews Paint Co., supra.*)

There is no evidence which establishes as a matter of law that defendant's speed or the fact that he was driving over the center line was the actual or proximate cause of plaintiff's injuries. On the contrary, it appears that the lane in which defendant should have been driving is 19 feet 9 inches wide, that the bus is 8 feet wide and was from 1 to 3 feet from the curbline. The defendant had, then, a minimum of 8 feet 9 inches (excluding the width of his own automobile) in which to drive and pass the bus without crossing the center line, and the fact that he did cross said center line does not compel a determination that this conduct caused or was a contributing factor to the ensuing mishap. Under the evidence and the reasonable inferences to be drawn therefrom, the trial court could have properly determined that the accident resulted

exclusively from the negligence of the bus driver in starting the bus up without first being sure plaintiff would not thereby be endangered.

We are of the view that the evidence fully justifies a finding, even assuming defendant was negligent, that such negligence was not the direct and proximate cause of plaintiff's injuries. ■ If plaintiff desired to question the sufficiency of the evidence to support this determination the duty was upon him to demonstrate the insufficiency thereof. (*Consolidated Loan Co.* v. *Harman,* 150 Cal.App.2d 488, 494 [310 P.2d 450]; *New* v. *New,* 148 Cal.App.2d 372, 383 [306 P.2d 987].) This he has failed to do.

Therefore, as there is a finding supported by substantial evidence which in turn supports the judgment, the finding relating to defendant's negligence may be disregarded.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.